**414**

The TRAVELERS INSURANCE
COMPANY, Appellant,

v.

MOTORISTS MUTUAL INSURANCE
COMPANY, Appellee.

Court of Appeals of Kentucky.

Nov. 12, 1982.

Discretionary Review Denied
March 23, 1983.

John R. Martin, Jr., Lexington, for appellant.

James D. Ishmael, Jr., Lexington, for appellee.

Before HOGGE, McDONALD and VANCE, JJ.

VANCE, Judge.

The question is whether the securing of a new insurance policy with the intent that it provide all the coverage desired and with no intent to have duplicate coverage will effect the cancellation of an existing policy without compliance with the cancellation provisions of the policy.

Pinas and Maudie Sergent owned a Gulf Service Station in Boyle County, Kentucky and insured it with appellee, Motorists Mutual Insurance Company, for $35,000.00. The policy expired on October 28, 1980. On October 16, 1980, they sold the property to Chester Napier under a land contract which required Napier to insure the property for not less than $65,000.00, payable to the Sergents. Napier procured this insurance from appellant, Travelers Insurance Company, on October 22, 1980.

The property was destroyed by fire on October 27, 1980, just five days after the Travelers policy was issued and one day before Motorists policy expired. There was evidence that the Sergents did not intend to continue the coverage with Motorists Mutual but rather intended the Travelers policy to provide the only coverage. There was no evidence, however, that the Sergents intended to cancel the Motorists Mutual policy.

After the fire, a dispute arose as to which policy covered the loss. Appellant Travelers paid a pro-rata share of the loss, claiming appellee Motorists Mutual was also responsible for its proportionate share under its insurance contract. Appellee refused to pay any portion of the claim arguing that its coverage had been terminated by the new coverage on the property. The Sergents filed suit against appellant, appellee and Napier. Neither the Sergents or Napier are parties to this appeal.

The trial court ruled appellant's policy provided the exclusive coverage for the premises and was substituted for the Motorists Mutual policy. Appellant now argues this was in error and that the doctrine of cancellation by substitution does not apply in this case.

Appellee argues that this court's case of *Potomac Insurance Co. v. Motorists Mutual Insurance Co.,* Ky.App., 598 S.W.2d 461 (1979) is on point and mandates that cancellation by substitution be applied in this case. The issue in that case was whether the issuance of an insurance policy by one company covering loss by fire effects a cancellation of a written binder previously issued by another company on the same property when it is agreed the owner did not intend to have duplicate coverage.

The important distinction between *Potomac* and the present case is that *Potomac* involved a binder. As we noted in that opinion a binder is "generally issued as a temporary arrangement to provide immediate coverage until a permanent policy can be obtained. By its very nature a binder contemplates temporary coverage which will cease when permanent coverage is obtained." *Id.* at 463.

While the doctrine of cancellation by substitution is recognized in Kentucky to the extent that a permanent policy is substituted for a *binder,* it has not been held that the procurement of a second policy with an intent not to renew an existing policy constitutes a cancellation of the existing policy. Some states have so held but we believe the majority rule and better rule is enunciated in *Glen Falls Insurance Co. v. Founders Insurance Company,* 209 Cal. App.2d 157, 25 Cal.Rptr. 753, 3 A.L.R.3d 1058 (1962) which required a compliance with the cancellation terms of the policy for cancellation by the insured.

The Motorists Mutual policy provided: 26. Cancellation. This policy may be cancelled by the named insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the company by mailing to the named insured at the mailing address shown in the declarations, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of the cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mail.

The policy did not contain any provision that procurement of other coverage would effect a cancellation of the policy. We hold that the policy could be cancelled by the insured as set forth in the policy but not otherwise. The loss should be pro-rated equally between Travelers and Motorists to the limit of Motorists policy with the loss in excess of $35,000.00 to be borne entirely by Travelers.

The judgment is reversed for entry of a new judgment in conformity with this opinion.

All concur.